UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-　　　　　　　　　　　　　　　　　　ORDER

KIZZA JAMES,　　　　　　　　　　　　　　　　　13-CR-302 (CS)

             Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Kizza James's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 35), and the Government's opposition thereto, (Doc. 37).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*,

976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant was convicted of distributing crack and trafficking in firearms, and sentenced principally to 144 months' imprisonment, (Doc. 18), which was below his Sentencing Guidelines range of 188-235 months, (Presentence Report at 22). He has served almost 95 months.

Defendant states that he suffers from hypertension, a stuffy nose and allergies, and has trouble breathing at night. His medical records from the Bureau of Prisons ("BOP") reflect only the hypertension, contain no complaints about breathing difficulties and state he has no known allergies.[1] He also says he has not seen a doctor in a year, but that claim is also belied by the records. He argues he is at high risk for COVID-19, but does not mention that he tested positive for the disease back in November 2020. The records indicate that, happily, he did not suffer a severe case, with his temperature and oxygen saturation remaining normal.

Now that he has been diagnosed with the disease and weathered it, a sentence reduction based on the risk of contracting it no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020

---

[1]The Government shall supply hard copies of the medical records to chambers for filing under seal.

WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Further, reinfections are "vanishingly rare," https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3.

The Government concedes, however, that because Defendant's body mass index exceeds 30, and obesity is a condition identified by the Centers for Disease Control as presenting an increased risk for a severe case if one comes down with COVID-19, extraordinary and compelling circumstances exist.[2]  I am not sure I agree, given that Defendant has contracted COVID-19, did not have a severe case, and is unlikely to contract it again, let alone suffer a severe case. Further, the outbreak at FCI Memphis, where Defendant is housed, seems to have resolved, as an inmate cases have been at zero for the past two weeks. Nevertheless, I will assume for the sake of argument that Defendant's situation constitutes extraordinary and compelling circumstances.

The § 3553(a) factors outweigh those circumstances and militate against a reduction of Defendant's already below-Guidelines sentence. Defendant's crimes were serious: he sold crack in controlled buys ten times, and sold firearms on three occasions. Putting either of those

---

[2] Defendant also smoked marijuana for fifteen years, (Presentence Report ¶ 76), and smoking is another risk factor.

products onto the street is self-evidently a dangerous thing to do, and Defendant did it repeatedly – even after an intervening state arrest.  He was not an impulsive youth at the time, but a grown man of thirty.  Prior sentences had not deterred him, and he accumulated a substantial criminal history.  The instant offense was his thirteenth conviction.  Six of his priors were for drugs and four involved violence or weapons.  He had violated parole three times.  He had eighteen criminal history points, which is literally off the chart.  While there are mitigating factors in Defendant's background, those were taken into account at sentencing.  A sentence reduction now would not sufficiently account for the seriousness of the offense or Defendant's criminal history.  It would introduce unwarranted sentencing disparities and insufficiently promote respect for the law.  And it would not suffice to protect the public.  Given Defendant's record, there is unfortunately every reason to fear that, if released, he will return to what he has done in the past when released: continue to commit crimes.  Defendant's eight prison disciplines likewise do not bode well for his transforming himself into a law-abiding person.  In short, the § 3553(a) factors dictate that Defendant remain behind bars, even if his medical situation rises to the level envisioned by § 3582(c)(1)(A).

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 35 and send a copy of this Order to Kizza James, No. 68425-054, FCI Memphis, Federal Correctional Institution, P.O, Box 34550, Memphis, TN  38184.

Dated:  February 19, 2021
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.